IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | | |
| Plaintiff, | | 4:12-CR-3053 |
| vs. | | |
| TIMOTHY T. LONOWSKI, | | TENTATIVE FINDINGS |
| Defendant. | | |

The Court has received the presentence investigation report and addendum in this case. There is no motion for departure or variance. The defendant has filed an objection (filing 54) to the presentence investigation report and addendum.

IT IS ORDERED:

1.   The Court will consult and follow the Federal Sentencing Guidelines to the extent permitted and required by *United States v. Booker*, 543 U.S. 220 (2005), and subsequent cases. In this regard, the Court gives notice that, unless otherwise ordered, it will:

   (a)   give the advisory Guidelines such weight as they deserve within the context of each individual case and will filter the Guidelines' advice through the 18 U.S.C. § 3553(a) factors, but will not afford the Guidelines any particular or "substantial" weight;

   (b)   resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury;

   (c)   impose upon the United States the burden of proof on all Guidelines enhancements;

   (d)   impose upon the defendant the burden of proof on all Guidelines mitigators;

   (e)   depart from the advisory Guidelines, if appropriate, using pre-*Booker* departure theory; and

(f)    in cases where a departure using pre-*Booker* departure theory is not warranted, deviate or vary from the Guidelines when there is a principled reason justifying a sentence different than that called for by application of the advisory Guidelines, again without affording the Guidelines any particular or "substantial" weight.

2.    There are no motions that require resolution at sentencing. The defendant has objected to the presentence investigation report and addendum. *See* filing 54. Specifically, the defendant contends that his criminal history points were calculated incorrectly because, according to the defendant, the 2009 conviction described in paragraph 58 of the presentence investigation report is relevant conduct that is part of the current offense, not a prior sentence.[1] The Court will resolve the defendant's objection at sentencing.

3.    Except to the extent, if any, that the Court has sustained an objection, granted a motion, or reserved an issue for later resolution in the preceding paragraph, the parties are notified that the Court's tentative findings are that the presentence report is correct in all respects.

4.    If any party wishes to challenge these tentative findings, that party shall, as soon as possible (but in any event no later than three (3) business days before sentencing) file with the Court and serve upon opposing counsel an objection challenging these tentative findings, supported by a brief as to the law and such evidentiary materials as are required, giving due regard to the local rules of practice governing the submission of evidentiary materials. If an evidentiary hearing is requested, such filings should include a statement describing why a hearing is necessary and how long such a hearing would take.

5.    Absent timely submission of the information required by the preceding paragraph, the Court's tentative findings may become final and the presentence report may be relied upon by the Court without more.

---

[1] The Court must consider conduct that is part of the current offense as relevant conduct rather than a past sentence. *United States v. Blumberg,* 961 F.2d 787, 792 (8th Cir. 1992). But conduct is not part of the offense of conviction when the conduct is a severable, distinct offense, considering factors such as temporal and geographical proximity, common victims, and a common criminal plan or intent. *Id.*; *see also United States v. Fuehrer,* 46 Fed. Appx. 377, 378-79 (8th Cir. 2002).

6.      Unless otherwise ordered, any objection challenging these tentative findings shall be resolved at sentencing.

        Dated this 8th day of January, 2013.

                                        BY THE COURT:

                                        _____

                                        John M. Gerrard
                                        United States District Judge